**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------- X

**LUCIA SILVA and GERVER SALMERON** on behalf of themselves and all others similarly situated,

                       Plaintiffs,

-against-

**23 PIZZA WAYNE, INC**. d/b/a **BUONGUSTO PIZZA RESTAURANT & CATERING; SAMEH GHOBRIAL**, an Individual; **FADY YOUSSEF**, an Individual; **WASEEM HABIB**, an Individual; **JOHN DOES 1-5 and ABC CORPS. 1-5.**

                       Defendants.

**CIVIL CASE NO.**

**COLLECTIVE AND CLASS ACTION**

**COMPLAINT**

---------------------------------------------------------------------- X

Plaintiffs Lucia Silva and Gerver Salmeron (collectively "plaintiffs") individually and on behalf of all others similarly situated, through their undersigned attorney, for their Collective and Class Action Complaint against defendants 23 Pizza Wayne, Inc d/b/a Buongusto Pizza Restaurant & Catering ("Buongusto"), Sameh Ghobrial ("Ghobrial"), Fady Youssef ("Youssef"), Waseem Habib ("Habib"), John Does 1-5 and ABC Corps. 1-5 (collectively the "defendants") alleges upon actual knowledge as to themselves and, as to all other matters, alleges upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiffs brings this action to recover unpaid overtime wages, minimum wages and all available relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, et seq. for defendants' failure to pay their employees the full amount of wages due. Plaintiffs seeks damages on their own behalf and on behalf of all others similarly situated.

.

2. Buongusto Pizza Restaurant & Catering sells pizza and other food items, such as salads, sandwiches and pasta, and offers catering, dine-in and delivery options.

3. Plaintiffs brings this action pursuant to the FLSA and NJWHL on behalf of themselves and other non-tipped, non-exempt Buongusto restaurant employees, including Chefs, Cooks, Salad Preparers, Food Preparers, Pizza Makers and Dishwashers ("restaurant workers").

4. Defendants maintained a policy and practice that denied restaurant workers the New Jersey State minimum wage and appropriate overtime compensation pursuant to the FLSA and NJWHL for hours worked in excess of 40 hours per workweek.

5. Plaintiffs seeks unpaid overtime wages, minimum wages, liquidated damages, pre- and post-judgment interest and declaratory relief against defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NJWHL on behalf of themselves and similarly situated restaurant workers.

**JURISDICTION**

6. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NJWHL pursuant to 28 U.S.C. § 1367.

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

8. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district. In addition, plaintiffs and defendants reside in this district.

## THE PARTIES

**Plaintiffs**

9. Plaintiff Lucia Silva is a resident of Passaic County, New Jersey.

10. Silva was employed as a food preparer by Buongusto from on or about August 2017 to on or about September 2019.

11. Plaintiff Gerver Salmeron is a resident of Passaic County, New Jersey.

12. Salmeron was employed as an assistant cook by Buongusto from in or about June 2017 to in or about July 2018.

13. At all relevant times, plaintiffs were employees engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of their duties, plaintiffs handled goods daily that traveled in interstate commerce, such as supplies and materials used to operate the restaurant and catering business.

14. At all relevant times, plaintiffs were employees of defendants within the meaning of the FLSA.

15. At all relevant times, plaintiffs were employees of defendants within the meaning of the NJWHL.

16. Plaintiffs have consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b).

**Defendants**

17. Defendants 23 Pizza Wayne, Inc is a New Jersey corporation that owns and does business as Buongusto Pizza Restaurant & Catering, located at 57 State Route 23, Wayne, NJ. 07470.

18. Buongusto opened for business in or about 2016.

19. Buongusto has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, supplies and materials that are used daily by Buongusto are produced outside of the state of New Jersey.

20. At all relevant times, Buongusto has had an annual gross volume of sales in excess of $500,000.

21. Buongusto's restaurant workers, including plaintiff, handled and sold goods that have been produced for commerce.

22. Defendant Sameh Ghobrial is an owner of Buongusto.

23. Defendant Fady Youssef is an owner of Buongusto.

24. Defendant Waseem Habib is an owner of Buongusto.

25. Defendants John Does 1-5 are owners of Buongusto.

26. Defendants ABC Corps. 1-5 are owners of Buongusto.

27. Sameh Ghobrial is sued individually in his capacity as principal, managing member and owner of Buongusto.

28. Sameh Ghobrial holds the position of President of 23 Pizza Wayne, Inc.

29. Fady Youssef is sued individually in his capacity as principal, managing member and owner of Buongusto.

30. Waseem Habib is sued individually in his capacity as principal, managing member and owner of Buongusto.

31. John Does 1-5 are sued individually in their capacity as owners of Buongusto.

32. ABC Corps. 1-5 are sued in their capacity as owners of Buongusto.

33. Ghobrial was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Buongusto operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

34. For example, Ghobrial had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Buongusto.

35. Youssef was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Buongusto operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

36. For example, Youssef had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Buongusto.

37. Habib was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Buongusto operations and established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

38. For example, Habib had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Buongusto.

39. John Does 1-5 were plaintiffs' and the restaurant workers' employers under the FLSA and NJWHL because they exercised sufficient operational control and policy-making authority over Buongusto operations and established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

40. For example, John Does 1-5 had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Buongusto.

41. ABC Corps. 1-5 were plaintiffs' and the restaurant workers' employers under the FLSA and NJWHL because they exercised sufficient operational control and policy-making authority over Buongusto operations and established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

42. For example, ABC Corps. 1-5 had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Buongusto.

43. Ghobrial acted directly or indirectly in the interest of Buongusto.

44. Youssef acted directly or indirectly in the interest of Buongusto.

45. Habib acted directly or indirectly in the interest of Buongusto.

46. John Does 1-5 acted directly or indirectly in the interest of Buongusto.

47. ABC Corps. 1-5 acted directly or indirectly in the interest of Buongusto.

48. Ghobrial is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Buongusto.

49. Youssef is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Buongusto.

50. Habib is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Buongusto.

51. John Does 1-5 are personally and jointly and severally liable for the violations of the FLSA and NJWHL by Buongusto.

52. ABC Corps. 1-5 are jointly and severally liable for the violations of the FLSA and NJWHL by Buongusto.

53. Upon information and belief, Defendants, John Does 1-5 and ABC Corps. 1-5 are individuals or entities whose names and addresses are unknown. These individuals or entities are employers of plaintiff and those similarly situated within the meaning of the FLSA and NJWHL. They may be liable to plaintiff and those similarly situated but whom plaintiff may not be knowledgeable of.

**COLLECTIVE ACTION ALLEGATIONS**

54. Plaintiffs brings the First Claim against defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated individuals, which include all other non-tipped, non-exempt restaurant employees, including Chefs, Cooks,

Salad Preparers, Food Preparers, Pizza Makers and Dishwashers employed by defendants at Buongusto at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

55. The exact number of FLSA Collective members is unknown to plaintiffs at this time, but there are believed to be at least 25 such persons who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay and other wages.

56. The identities of the FLSA Collective members are known to the defendants and is contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

57. As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

58. This policy, pattern, or practice includes, *inter alia*, failing to pay overtime at the rate of one and one-half times the FLSA Collective's regular hourly rate for hours worked in excess of 40 in a workweek.

59. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

60. Defendants did not keep complete records, as required by law, of hours worked and wages earned by the plaintiffs and the FLSA Collective.

61. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located

through defendants' records, which they are required to maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

62. Silva brings the Second Claim and both named plaintiffs bring the Third Claim against defendants as a class action for unpaid minimum wage and unpaid overtime on behalf of themselves and other employees similarly situated pursuant Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and pursuant to N.J.S.A. 34:11-56a25. N.J.S.A. 34:11-56a25 provides in pertinent part, "An employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

63. Plaintiffs are a member of a class of employees of similarly situated individuals which includes current and former non-tipped, non-exempt restaurant employees, including Chefs, Cooks, Salad Preparers, Food Preparers, Pizza Makers and Dishwashers employed by defendants at Buongusto at any time, during the period permitted by N.J.S.A. 34:11-56a25.1 prior to the filing of the action through entry of judgment in this action (the "New Jersey Class").

64. The persons in the New Jersey Class are so numerous that joinder of all members is impracticable. Further, N.J.S.A. 34:11-56a25 statutorily provides for a class action, without regard to the number of members, to enforce rights protected by the NJWHL. The exact number of the New Jersey Class members is unknown to plaintiffs at this time, but there are believed to be at least 25 such persons.

65. The identities of the New Jersey Class members are known to the defendants and are contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

66. Plaintiffs are similarly situated to the New Jersey Class because plaintiffs and the New Jersey Class performed similar work under similar terms and conditions of employment, and sustained similar damages arising out of defendants' policies and conduct in violation of the NJWHL.

67. The New Jersey Class members work, or have worked, for the defendants in New Jersey as restaurant workers and were not paid New Jersey State mandated minimum wage and overtime pay by the defendants. They have sustained similar types of damages as a result of defendants' willful failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development ("NJDOL") contained in the New Jersey Administrative Code ("NJAC").

68. Defendants did not keep complete records, as required by law, of hours worked and wages earned by plaintiffs and the New Jersey Class.

69. Plaintiffs will fairly and adequately protect the interests of the members of the New Jersey Class and have retained counsel competent and experienced in complex class action litigation.

70. Plaintiffs have no interests that are contrary to or in conflict with those of the other members of the New Jersey Class.

71. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

72. Common questions of law and fact exist as to all members of the New Jersey Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

    a. whether Defendant violated the NJWHL and the supporting NJDOL regulations;

    b. whether Defendant failed to pay its non-exempt, non-tipped restaurant worker's all overtime wages due at a rate of one-and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek in violation of the NJWHL; and

    c. whether Defendant failed to pay its non-exempt, non-tipped restaurant worker's minimum wages due in violation of the NJWHL.

73. Defendant has acted or refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Class as a whole.

74. A class action pursuant to N.J.S.A. 34:11-56a25.1 is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for Plaintiff and the New Jersey Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of Defendants' compensation practices to prosecute vigorously a lawsuit against defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

75. This action is properly maintainable as a class action on behalf of plaintiffs, and other employees similarly situated, pursuant to FRCP Rule 23 and N.J.S.A 34:11-56a25.

## FACTUAL ALLEGATIONS

76. At all relevant times, Ghobrial operated and managed Buongusto.

77. At all relevant times, Youssef operated and managed Buongusto.

78. At all relevant times, Habib operated and managed Buongusto.

79. Throughout her employment, Silva's primary duties included slicing tomatoes, preparing pizza dough and preparing the pizza sauce.

80. Throughout his employment, Salmeron's primary duties included preparing for and making the meatballs, pasta, chicken, salad, wraps and paninis.

81. At all relevant times, defendants recorded plaintiffs' and other restaurant workers' hours of work first by having the workers orally notifying the managers when they arrived at the restaurant and when they were leaving the restaurant, which the managers recorded. Thereafter, in or about 2018, a Point of Sale (POS) electronic system was installed at Buongusto, which recorded hours of work for each restaurant worker.

82. At all relevant times, plaintiffs and other restaurant workers typically worked 74 hours per workweek.

83. Throughout their employment, plaintiffs and other restaurant workers generally worked six days per week with the following, or close to the following schedule: Sunday through Thursday, 10:00 a.m. to 10:00 p.m. and Friday through Saturday 10:00 a.m. to 11:00 p.m., with one day off per week.

84. Plaintiffs and other restaurant workers did not receive any uninterrupted meal or rest breaks during the workday. Any food eaten was done so while working.

85. Plaintiffs and other restaurant workers were paid on a weekly basis in cash and/or check.

86. The pay period at Buongusto was from Monday to Sunday. Non-Tipped restaurant workers were generally paid once a week on Tuesdays.

87. All of the restaurant workers, except for the pizza makers, were paid on a flat salary basis, regardless of the number of hours they worked in a week. Pizza makers were paid on an hourly basis the same hourly rate, regardless of the number of hours they worked in a work week.

88. Effective January 1, 2015, the New Jersey minimum wage became $8.38, and effective January 1, 2017, the New Jersey minimum wage became $8.44. Effective January 1, 2018, the New Jersey minimum wage became $8.60, and effective July 1, 2019, the New Jersey minimum wage became $10.00.

89. Silva was initially paid $550 per week, which increased over time to $700 per week for all hours worked, all in violation of the applicable New Jersey state minimum wage rate.

90. Defendants failed to pay plaintiffs and other restaurant workers overtime pay at one and one half (1 ½) times their hourly rate for hours worked in excess of 40 per workweek.

91. Defendants failed to pay plaintiffs New Jersey and federal overtime for each and every pay period they worked at the Buongusto beginning June 2017 to September 2019.

92. Examples of such weekly pay periods in 2019 include pay periods ending on March 4, May 20, June 24, August 19, and October 7, 2019.

93. Examples of such weekly pay periods in 2018 include pay periods ending on March 5, May 21, June 18, August 27, and October 1, 2018.

94. Examples of such weekly pay periods in 2017 include pay periods ending on January 9, April 24, July 10, and October 16, 2017.

95. In each of the identified pay periods above, plaintiffs worked at least 74 hours.

96. Defendants did not provide the plaintiffs or the other restaurant workers any written notification of the hours they worked or wages paid in a workweek.

97. Defendants have violated the recordkeeping requirements of the FLSA, 29 U.S.C. §211(c), N.J.S.A. 34:11-56a20 and N.J.A.C. 12:56-4.1 and 4.2

98. Defendants failed to post, in a conspicuous, unobstructed place, pursuant to N.J.S.A. 34:11-56a21, the "New Jersey State Wage and Hour Law Abstract," prescribed by the NJDOL, setting forth the state minimum wage and overtime requirements in English and Spanish.

99. Defendants failed to post in a conspicuous, unobstructed, place pursuant to 29 C.F.R. §516.4, a poster prescribed by the U.S. Department of Labor, Wage and Hour Division, setting forth federal minimum wage and overtime requirements in English and Spanish.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

100. Plaintiffs and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

101. Defendants are required to pay plaintiffs and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et seq*.

102. Defendants have failed to pay plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiffs and the FLSA Collective have regularly worked more than 40 hours per workweek.

103. For example, Silva worked as a food preparer at least 74 hours each and every workweek from on or about August 2017 to September 2019.

14

104. For each of those workweeks, defendants failed to pay Silva overtime wages to which she was entitled under the FLSA.

105. For example, Salmeron worked as an assistant cook at last 74 each and every workweek from on or about June 2017 to July 2018.

106. For each of those workweeks, defendants failed to pay Salmeron overtime wages to which he was entitled under the FLSA.

107. Defendants were aware or should have been aware that the practices described in this Claim were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

108. Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

109. As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

110. Plaintiffs and the New Jersey Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

111. Under the NJWHL, defendants are required to pay plaintiffs and the New Jersey Class one and one half (1 ½) times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

112. Plaintiffs and the New Jersey Class have regularly worked more than 40 hours per week.

113. Defendants have failed to pay plaintiffs and the New Jersey Class members the overtime wages to which they are entitled under the NJWHL.

114. For example, Silva worked as a food preparer at least 74 hours each and every workweek from on or about August 2017 to September 2019.

115. For each of those workweeks, defendants failed to pay Silva the overtime wages to which she was entitled under the NJWHL.

116. For example, Salmeron worked as an assistant cook at least 74 each and every workweek from on or about June 2017 to July 2018.

117. For each of those workweeks, defendants failed to pay Salmeron overtime wages to which he was entitled under the FLSA.

118. Defendants were aware or should have been aware that the practices described in this Claim were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiffs and the New Jersey Class.

119. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiffs and the New Jersey Class members overtime wages.

120. Due to defendants' violations of the NJWHL, plaintiffs and the New Jersey Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest and any other compensation or remedy provided for by N.J.S.A. 34:11-56a25.

## THIRD CLAIM
### (New Jersey Wage and Hour Law – Unpaid Minimum Wage)

121. Plaintiffs repeats and realleges all foregoing paragraphs as if fully set forth herein.

122. Defendants failed to pay plaintiff, Lucia Silva, and the other current and former non-tipped, non-exempt restaurant employees, including Chefs, Cooks, Salad Preparers, Food

Preparers, Pizza Makers and Dishwashers employed by defendants at Buongusto the minimum hourly wages to which they are entitled under the NJWHL.

123. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the other non-exempt employees minimum hourly wages.

124. As a result of defendants' violations of the NJWHL, plaintiff and the other non-exempt employees are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, the FLSA Collective, and the New Jersey Class respectfully request that this Court enter a judgment:

a. certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b), for the employees described herein and designating plaintiffs' counsel as counsel for the FLSA Collective;

b. designating the named plaintiffs as representative of the FLSA Collective;

c. certifying the case as a class action with respect to employees similarly situated, pursuant to N.J.S.A. 34:11-56a25 and FRCP Rule 23, as it pertains to the Second and Third Claims for the employees described herein, certifying plaintiffs as the class representative, and designating plaintiffs' counsel for the New Jersey Class;

d. authorizing the issuance of notice at the earliest possible time to all restaurant workers who were employed by defendants at any time during the period permitted by N.J.S.A. 34:11-56a25.1 prior to the filing of the action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into and participate in this lawsuit;

  e. declaring that defendants have violated the overtime provisions of the FLSA and NJWHL;

  f. declaring that defendants have violated the minimum wage provisions of the NJWHL;

  g. declaring that defendants' violations of the FLSA were willful;

  h. awarding plaintiffs, the FLSA Collective, and the New Jersey Class damages for overtime compensation and unpaid minimum wage under the FLSA and NJWHL;

  i. awarding plaintiffs and the FLSA Collective liquidated damages under the FLSA;

  j. awarding plaintiffs and the New Jersey Class all damages provided for by N.J.S.A. 34:11-56a25;

  k. awarding plaintiffs, the FLSA Collective, and the New Jersey Class pre- and post-judgment interest under the FLSA and NJWHL;

  l. awarding plaintiffs, the FLSA Collective, and the New Jersey Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

  m. awarding such other and further relief as the Court deems just and proper.

      **LAW OFFICES OF MITCHELL SCHLEY, LLC**

     By: <u>s/Mitchell Schley</u>
       Mitchell Schley
       197 Route 18, Suite 3000
       East Brunswick, NJ 08816
       (732) 325-0318
       mschley@schleylaw.com
       *Attorneys for Plaintiffs and FLSA*
       *Collective and New Jersey Class*

Dated: December 16, 2019